707 P.2d 487

**Teddy Lee PYZER,
Petitioner, Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15810.**

Court of Appeals of Idaho.

Oct. 1, 1985.

Teddy Lee Pyzer, appellant pro se.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Robert R. Gates, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

We are asked to decide whether an inmate of the Idaho State Correctional Institution (ISCI), against whom a detainer has been lodged by the State of Oregon, is entitled to dismissal of charges in Oregon and to relief from allegedly harmful effects of the detainer itself. A magistrate held that he was not. This decision was upheld on appeal to the district court. We affirm.

The inmate, Teddy Lee Pyzer, was on parole from the ISCI when he committed a new felony in Idaho and allegedly committed another crime in Oregon as well. His parole eventually was revoked and he received an additional sentence on the Idaho felony. While the Idaho felony was being prosecuted, the Governor of Oregon sent the Governor of Idaho a request for extradition. On November 16, 1979, Idaho's Lieutenant Governor, as the acting Governor, duly issued an extradition warrant, directing the Ada County Sheriff or other Idaho law enforcement officers to deliver Pyzer to the appropriate authorities in Oregon. The warrant never was executed. Rather, the Ada County Sheriff simply transmitted the warrant to the ISCI following Pyzer's conviction of the Idaho felony. The records manager at the ISCI filed the warrant, treating it and Oregon's request for extradition as though they comprised a detainer under the Interstate Agreement on Detainers, I.C. § 19–5001. Both Pyzer and the State of Oregon were notified of the record manager's action.

More than three years later, in late 1983, Pyzer filed a petition seeking various forms of relief under the general rubric of habeas corpus. In essence, he contended that any Oregon charges against him should be dismissed because he had been denied a speedy trial due to Idaho's failure to deliver him as directed in the extradition warrant. He also contended that treating the warrant as a detainer, and keeping it in his correctional file since 1980, had interfered with his rehabilitation and otherwise adversely affected his status at the ISCI. Pyzer's petition initially was heard by a magistrate, exercising jurisdiction under I.R.C.P. 82(c)(2). While the case was pending in the magistrate division, the state's attorney requested the Governor of Idaho to withdraw the extradition warrant signed in 1979, and the Governor did so. The State of Oregon then promptly lodged another detainer in the customary form with the records manager at the ISCI. Nevertheless, because the warrant had been withdrawn, the state urged the magistrate to dismiss Pyzer's petition as moot. The

378

magistrate so ruled and Pyzer appealed to the district court.

The district judge upheld the magistrate's dismissal, enunciating several alternate grounds for his decision. He held that the Governor was empowered to withdraw the extradition warrant. He further held that the records manager at the ISCI properly had treated the extradition warrant, and Oregon's request for extradition, as a detainer rather than as a request for temporary custody. The latter arguably would have activated the speedy trial provisions of the Interstate Agreement. *See* I.C. §§ 19–5001(d)(1) and 19–5001(e)(3). The judge also held that even if there had been a request for temporary custody, relief from Oregon charges could not be granted by an Idaho court. Finally, the judge held that if treating the warrant and extradition request as a detainer, and keeping them in the file, had produced some adverse effect upon Pyzer at the ISCI, nevertheless, relief was unavailable because Pyzer could have demanded Oregon to try him on any charges underlying the detainer.

 We deem it unnecessary to address the questions whether withdrawal of the extradition warrant mooted this case or whether the warrant and request for extradition properly were treated as a detainer. We agree with the district judge that, in any event, Pyzer is not entitled to the relief he seeks. Idaho courts have no general authority to dismiss criminal charges filed in other states. Neither is any such authority granted by the Interstate Agreement. Idaho Code § 19–5001(e)(3), upon which Pyzer predicates his argument for dismissal of Oregon charges, provides that if a prisoner demands a trial, and if he is not timely tried, then the charges shall be dismissed by "the appropriate court of the jurisdiction where the indictment, information or complaint has been pending...." Accordingly, Pyzer's request for relief from the Oregon charges simply has been addressed to the wrong forum. *See generally State ex rel. Garner v. Gray*, 59 Wis.2d 323, 208 N.W.2d 161 (1973).

We now turn to the allegedly adverse effects of the "detainer"—the warrant and extradition request—upon Pyzer's status and progress at the ISCI. It cannot be gainsaid that detainers for untried charges may produce a variety of untoward consequences for a prisoner. *See generally State v. Barnes*, 273 Md. 195, 328 A.2d 737 (1974). But even if some harm has occurred in the present case, for which relief might be fashioned, we think Pyzer has established no entitlement to such relief. As noted, the Interstate Agreement gives a prisoner the right to demand prompt disposition of any charges that caused the detainer to be lodged. *See* I.C. § 19–5001(c)(1). Indeed, one of the purposes of the Interstate Agreement is to alleviate what otherwise would be the unfair consequences of prolonged detainers on unresolved charges. *See generally Cooper v. Lockhart*, 489 F.2d 308 (8th Cir. 1973); E. Dauber, *Reforming the Detainer System: A Case Study*, 7 CRIM.L.BUL. 669 (1971). Here, Pyzer has made no demand for trial. Consequently, any prejudice arising from the lengthy duration of unresolved charges is not due to the "detainer." It is due to Pyzer's failure to avail himself of the means for obtaining resolution of those charges.

Accordingly, the order of the district court, upholding the magistrate's dismissal of Pyzer's complaint is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.