802 P.2d 1223

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffrey James SMITH, Defendant–Appellant.**

**No. 17828.**

Court of Appeals of Idaho.

Dec. 24, 1990.

Rolfe M. Kehne, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Jeffrey Smith was found guilty by a jury of six counts of robbery and of the use of a firearm in committing the robberies. He was sentenced to the custody of the Board of Correction for twenty-five years, with a minimum period of incarceration of ten years. On appeal, he raises two issues challenging decisions made by the district court prior to his trial. First, he contends the trial judge erred in refusing to dismiss the charges on grounds that he was not brought to trial within a time limit set by the Interstate Agreement on Detainers Act, I.C. § 19–5001. Second, he contends the trial judge erred in refusing to suppress evidence—a two-dollar bill—discovered during a search of his home by the police with a warrant. We affirm.

I

■ Smith was arrested in Wyoming for attempted robbery. While in custody there, he confessed to several robberies he previously had committed in Boise, Idaho. After he was sentenced in Wyoming in February, 1988, he was transported to Idaho to face charges on the Boise robberies. Following a preliminary hearing on March 16, he was bound over to district court for trial. The trial was scheduled for September 20, 1988, after having been set and vacated twice in the interim due to pending motions to suppress. On September 14, immediately before the trial date, Smith moved for dismissal of the charges on the ground that he had not been brought to trial within 120 days as required by I.C. § 19–5001(d)(3). The district court denied Smith's motion, finding that there was "good cause" for the delay in bringing him to trial.

We uphold the district court's determination; however, we do so on grounds other than the reason found by the district court. *State v. Werneth,* 101 Idaho 241, 243, 611 P.2d 1026, 1028 (1980). It is well-established that I.C. § 19–5001 is activated only by a written request or "detainer" for the presence of a prisoner, lodged with the state where the prisoner is located. *See United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *State v. Bronkema,* 109 Idaho 211, 706 P.2d 100 (Ct.App.1985). In the present case, because Smith sought to invoke the application of I.C. § 19–5001, it was necessary for him to establish that a "detainer" or written request for his presence was lodged by the Idaho authorities with Wyoming. It does not appear from the record before us that such a detainer was lodged; instead, Smith evidently appeared in Idaho simply by waiving extradition. *Compare Pyzer v. State,* 109 Idaho 376, 707 P.2d 487 (Ct.App. 1985) (warrant and request for extradition may constitute "detainer" under I.C. § 19–5001). Here, Smith did not establish that a warrant for extradition was issued and served on the Wyoming authorities. Rather, he apparently waived in advance the right for Idaho to formally pursue extradition. Consequently, the extradition waiver did not constitute a detainer. The mere fact that Smith arrived in Idaho following his prosecution in Wyoming does not establish that his presence in Idaho was accomplished pursuant to the terms of the Detainers Act. Because I.C. § 19–5001 was never "triggered" by a detainer, its provisions—including the time to commence a trial—were inapplicable to Smith. On this basis, we affirm the district court's refusal to dismiss the prosecution.

II

■ We turn next to Smith's suppression issue. Even before obtaining Smith's con-

fession in Wyoming, the police had focused on Smith as a suspect in several recent robberies, as a result of the discovery of a pistol and mask in a vehicle driven by Smith while he was in Idaho. The pistol and mask were similar to those used in several robberies, as described by the victims. Pursuant to a search warrant, police officers searched Smith's place of residence in Boise, prior to obtaining his confession in Wyoming. The warrant authorized the search for, and seizure of, a number of items believed to be located in the home and connected with the various robberies. Because several of the listed items were small enough to be located in or under closed drawers, the police removed the drawer from a nightstand near the bed in the residence's bedroom. They observed a two-dollar bill in the space beneath the drawer and were able to read the serial number on the bill without removing the bill. They compared the bill's serial number with a list of serial numbers of bills in a police report compiled in the course of investigating a recent robbery. The serial number on the bill matched one of the numbers on their list. Before removing the two-dollar bill, they obtained an additional warrant from a magistrate, permitting seizure of the bill.

Smith moved to suppress the bill on the ground that the search which produced the bill went beyond the scope of the search authorized by the original warrant. The district court rejected Smith's argument and denied the motion on the ground that the bill was found "in a plausible repository for various items ... covered in the affidavit in the search warrant."

The district court's determination was made after hearing testimony from the officer who conducted the search and found the two-dollar bill. The facts presented to the court clearly support the court's conclusion that the bill was found in a plausible repository. We have held that, when conducting a search for material described in a warrant, an officer is not limited to what is immediately apparent on sight, but may open "plausible repositories" for such material. *State v. O'Campo*, 103 Idaho 62, 66, 644 P.2d 985, 989 (Ct.App.1982). *See also State v. Burnside*, 113 Idaho 65, 741 P.2d 352 (Ct.App.1987). Although the bill was not one of the items listed in the search warrant, it was not seized pursuant to that warrant. Instead, after the officers determined the bill was connected with one of the robberies, they applied to a magistrate for its seizure before taking it into possession. We hold the police acted properly and that the district court did not err in denying the suppression motion.

Having found no error, we affirm the pretrial orders of the district court denying Smith's motion to dismiss and to suppress the introduction of the two-dollar bill as evidence.

SWANSTROM, and SILAK, JJ., concur.