820 P.2d 1235

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Suzi BULGIN, Defendant–Appellant.**

**No. 18689.**

Court of Appeals of Idaho.

Nov. 20, 1991.

Edgar R. Frachiseur, Elmore County Public Defender, Mountain Home, for defendant-appellant.

Larry J. Echohawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, argued, for plaintiff-respondent.

SILAK, Judge.

Appellant Suzi Bulgin conditionally pled guilty pursuant to I.C.R. 11(a)(2) to possession of a controlled substance, methamphetamine, I.C. § 37–2732(c)(1). On appeal, Bulgin challenges the district court's order denying her motion to suppress the methamphetamine and other items discovered in her purse during the execution of a search warrant. For the reasons stated below, we affirm the order of the district court denying Bulgin's suppression motion.

The relevant facts for purposes of our analysis follow. Bulgin was an overnight guest at the home of her friends, David and Patricia Nelson, who were both on probation. While Bulgin was there, a probation officer carried out a probation search of the Nelsons' house in connection with information from confidential informants that the Nelsons were dealing methamphetamine. When the probation officer entered the Nelsons' house, accompanied by several police officers, the officers detained Bulgin and the Nelsons, but allowed another woman to leave. The officers did not Mirandize Bulgin. Upon questioning, she made statements indicating that she had methamphetamine in her purse. One of the officers left to obtain a search warrant. Later that day, the police executed the warrant, during which they searched Bulgin's purse, found methamphetamine, arrested Bulgin and charged her with possession. The issues presented on appeal are: (1) whether the search warrant authorized the search of Bulgin's purse; and (2) whether the search warrant was supported by probable cause.

## I. VALIDITY OF THE SEARCH WARRANT

Bulgin attacks the validity of the warrant by asserting that it did not authorize a search of Bulgin's purse, and that it was overbroad because the inclusion of items on the list other than methamphetamine was not supported by probable cause. The search warrant reads in pertinent part as follows:

Proof, by Affiant, having this day laid before me by Narcotic Detective Dana Ross, showing that certain controlled substances, to-wit: Methamphetamine, counterfeit substances, package and cutting material and supplies, ledgers, bank records relating to illegal drug transactions, and documentation of owneship [sic] or residency of said residence, and drug paraphernalia, is located within a certain building, to-wit: a one-story family dwelling unit ... located on the corner of Bradford Street and Foster Avenue, and outbuildings and grounds and persons presently in the residence thereof, in Elmore County, Idaho, and is being concealed upon the above-described premises.

YOU ARE THEREFORE COMMANDED, at any time of the DAY, to make immediate search of the above-described premises for the property described above and on the Search Warrant Affidavit filed herewith, and seize evidence therein.

■ As to the first argument, it is unclear from the record where the purse was at the time that the search and seizure occurred. Parts of the record refer to Bulgin having the purse in her physical possession while she was speaking to the officers before the search warrant was obtained. A purse can be considered a part of the person possessing it for purposes of fourth amendment analysis. *See State v. Graham*, 638 F.2d 1111, 1114 (7th Cir.1981), *cert. denied*, 450 U.S. 1034, 101 S.Ct. 1748, 68 L.Ed.2d 231 (1981) (a shoulder purse carried by a person at the time he is stopped lies within the scope of a warrant authorizing the search of his person).

■ For purposes of analyzing the argument that the warrant did not authorize a search of Bulgin's purse, we will assume without deciding that the warrant authorized a premises search only, and not a search of Bulgin's person and therefore her purse. In considering whether Bulgin's purse was subject to search pursuant to a premises warrant, we adopt the test articulated in *United States v. Young*, 909 F.2d 442 (11th Cir.1990). In *Young*, the court held that in determining whether a search of personal effects violates the scope of a premises warrant, the court must consider the relationship of the object, the person and the place being searched. *Young*, 909 F.2d at 444–45, *citing United States v. Micheli*, 487 F.2d 429, 431 (1st Cir.1973) (court upheld search of a briefcase found on the premises which was described in warrant on the basis that the briefcase belonged to a co-owner of the premises who had a special relationship to the place and was not a mere visitor). Under this formula, there is a differentiation between the personal effects of a person who is a usual occupant of the premises which are to be searched and the personal effects of a transient visitor to the premises. The personal effects of an overnight visitor would be subject to a search, whereas the personal effects of a mere visitor or passerby would not be subject to a search. *See United States v. Giwa*, 831 F.2d 538, 544–45 (5th Cir.1987) (an overnight visitor, clad in a bathrobe and slacks, who was discovered alone in an apartment described in a premises search warrant issued in credit card fraud investigation was not a "mere visitor" or "passerby," and thus, agents executing warrant could have reasonably believed that visitor's flight bag contained evidence of credit card fraud); *see also United States v. Gray*, 814 F.2d 49, 51 (1st Cir.1987) (court upheld the search of a visitor's jacket pursuant to a premises search warrant where the visitor was discovered in a private residence outside of which a drug deal had just been made at the early hour of 3:45 a.m.). In the present case, Bulgin was not a transient visitor or a mere passerby. Not only was she an overnight guest at the premises described in

the search warrant, the officers had described her in their affidavit and articulated a suspicion that she was using methamphetamine. Therefore, the search of Bulgin's purse was within the scope of the premises search warrant.

■ Bulgin also argues that the warrant is defectively overbroad because it includes the authorization to search for items other than methamphetamine, and that as to those items there was no probable cause to search. Even assuming without deciding that the warrant was partially overbroad, this does not render the search and seizure of the methamphetamine invalid. When a warrant is partially overbroad, only the property unlawfully seized is subject to suppression. *State v. Bussard*, 114 Idaho 781, 787, 760 P.2d 1197, 1202 (Ct. App.1988). Bulgin has not asserted that the warrant's authorization to search for methamphetamine is overbroad, and thus we conclude that, even assuming some overbreadth, the search and seizure of the methamphetamine from Bulgin's purse is proper, assuming probable cause for the issuance of the warrant.

## II. PROBABLE CAUSE

We next consider whether the warrant was issued based upon probable cause. Bulgin argues that there was insufficient probable cause because Detective Ross's oral affidavit to the magistrate in support of the issuance of the warrant referred to unmirandized statements by Bulgin concerning methamphetamine in her purse. It is undisputed that at no point prior to her arrest was Bulgin ever advised of her right to remain silent or her right to have an attorney. Ross testified that Bulgin appeared to become nervous about her purse and that she held it close to her as though she were guarding it. He asked Bulgin whether she would mind if the officers looked through her purse and removed "any illegal contraband or crank." Bulgin refused to allow the officers to have access to her purse. According to Ross, Bulgin told him that she had crank in her purse, but indicated that it did not belong to her. At the hearing on the motion to suppress,

Bulgin denied ever having made such a statement.

We need not reach the issue whether Bulgin's statements regarding possession of methamphetamine in her purse should have been considered in issuing the search warrant. For the purpose of this analysis, we will assume, without deciding, that the statements were not admissible to establish probable cause to obtain a search warrant.

■ The next question we address is whether the information in the affidavit was sufficient to establish probable cause to obtain a search warrant after Bulgin's statements regarding the contents of her purse are suppressed. In determining the validity of a search warrant, the United States Supreme Court stated the following standard:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and the "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Thus, the correct standard to be applied by magistrates for determining the existence of probable cause is the "totality of the circumstances" test. *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983).

■ The *Gates* Court also articulated the standard of review for appellate courts in reviewing the magistrate's decision: "[T]he duty of a reviewing court is simply to ensure that a magistrate had a *'substantial basis for ... concluding'* that probable cause existed." *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332, *quoting Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). We note here, as we did in a previous case, *State v. Harrison*, 115 Idaho 329, 766 P.2d 799 (Ct.App.1988), that this standard must be modified in the present case because the finding of proba-

ble cause was made by the district court in a suppression hearing and it is the denial of the motion to suppress which is being appealed. Thus, we must decide whether we independently agree with the district court's application of the "totality of the circumstances" test. *See Harrison,* 115 Idaho at 330, 766 P.2d at 800. Applying this standard to the present case, we must look at the facts that the district court had before it when it denied the motion to suppress.

 One of the most important facts was Ross's testimony that confidential informants had told him that Bulgin was a user and dealer of methamphetamine. Ross testified that the informants were probationers who had supplied accurate information in the past, and that their information had previously led to six guilty pleas. In addition, he had been working with these informants for a substantial period of time. In relation to the question of veracity, Ross had independently corroborated information regarding the arrest of the Nelsons' methamphetamine supplier in Ada County the day before the probation search occurred. We conclude that these facts are sufficient to substantiate the veracity and the basis of knowledge of the informants supplying the hearsay information that Bulgin was a user and dealer of methamphetamine. *See Harrison,* 115 Idaho at 331, 766 P.2d at 801 (confidential informant's reliability was proven where informant had provided accurate information on five previous occasions).

Ross also testified that Bulgin appeared to be under the influence of methamphetamine. He supported this conclusion with testimony that Bulgin appeared nervous, overly emotional, and extremely talkative. According to Ross, who at that time had been a narcotics detective for over a year, these behaviors are indicative of methamphetamine use. Based on Ross's independent observation of Bulgin, combined with the information that Bulgin was involved in the traffic of methamphetamine, we conclude that the magistrate had sufficient probable cause to issue a search warrant.

The district court did not err in denying the motion to suppress the evidence seized from Bulgin's purse because the warrant was not invalid and its issuance was supported by probable cause. We have considered the other arguments raised by Bulgin and find them to be without merit. Accordingly, we affirm the order of the district court.

WALTERS, C.J., and SWANSTROM, J., concur.