**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44649**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 35** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 28, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JESSICA L. WENZEL,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jessica L. Wenzel appeals from her judgment of conviction entered upon her conditional guilty plea to possession of a controlled substance. Specifically, Wenzel argues the district court erred in denying Wenzel's motion to suppress evidence found in her purse. For the reasons set forth below, we affirm.

Wenzel was charged with possession of a controlled substance, I.C. § 37-2732(c)(1), after officers found hydrocodone pills in Wenzel's purse while executing a search warrant. Wenzel filed a motion to suppress, arguing that the search of the purse was unlawful. At the suppression hearing, Wenzel testified that she had been sleeping in an acquaintance's home when she was awakened by officers executing a search warrant for that residence. Wenzel testified that, prior to being escorted outside so officers could conduct the search, she had requested to take her

1

purse and the officers denied her request. However, two officers testified that they did not remember Wenzel making any such request. During the course of the residence search, an officer searched a purse located in the area where Wenzel had been sleeping. Inside a wallet, an officer found Wenzel's identification and hydrocodone pills. After being brought back inside, Wenzel indicated that she knew that the officer had found the pills for which Wenzel had no prescription. In its order denying Wenzel's motion to suppress, the district court found the officers to be credible that they did not remember Wenzel making a request to take the purse with her before going outside. The district court then found that Wenzel had standing to contest the search of the residence and the purse because she was an overnight guest in the home and had a legitimate expectation of privacy in the premises searched. However, the district court ruled that the search of the purse did not exceed the scope of the search authorized by the warrant and denied Wenzel's motion. Wenzel appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Generally, any container situated within residential premises, which are the subject of a validly-issued warrant, may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant. *United States v. Ross*, 456 U.S. 798, 820-21 (1982). However, special considerations may arise when visitors are present on the premises when the search is executed. *See United States v. Young*, 909 F.2d 442, 444-46 (11th Cir. 1990); *State v Bulgin*, 120 Idaho 878, 880, 820 P.2d 1235, 1237 (Ct. App. 1991). When analyzing whether a search of a visitor's personal effects violates the scope of a premises search warrant, Idaho courts analyze the relationship between the object, the person, and the place being searched. *Bulgin*, 120 Idaho at 880, 820 P.2d at 1237; *see also Young*, 909 F.2d at 444-45 (adopting the relationship test in analyzing whether a search of personal effects violates the

2

scope of a premises warrant). Under this standard, there is a differentiation between the personal effects of a person who is a usual occupant of the premises which are to be searched and the personal effects of a transient visitor to the premises. *Bulgin*, 120 Idaho at 880, 820 P.2d at 1237. Consequently, an overnight visitor's personal effects would be subject to a premise search, whereas a mere visitor's personal effects would not be subject to the search because an overnight guest is more likely to have a special relationship to the premises than a transient visitor. *Id.*

On appeal, Wenzel argues that, although she was an overnight guest and the purse was not in her physical possession when the officers executed the search warrant, under *Bulgin*, her purse was not within scope of the search warrant. Wenzel seems to contend that this Court's standard in *Bulgin*--that an overnight guest is more likely to have a relationship to the premises--oversimplifies the relationship test analysis. However, Wenzel has not argued that *Bulgin* was wrongly decided by this Court and should be overturned. Rather, Wenzel asserts that the district court misapplied the standard this Court adopted in *Bulgin*. Specifically, Wenzel argues that, under *Bulgin*, her purse did not fall within the scope of the search warrant because she was not described in the search warrant, the officers did not articulate a suspicion that Wenzel was using controlled substances, and the officers knew or should have known the purse belonged to Wenzel. We disagree.

In *Bulgin*, officers executed a probation search of a home in which Bulgin was an overnight guest. After being detained, Bulgin made statements indicating she possessed an illegal substance in her purse. Subsequently, officers obtained a search warrant covering the premises and persons in that residence. Bulgin challenged the validity of the search warrant by asserting that it did not authorize a search of Bulgin's purse. In holding that Bulgin's purse was subject to the search warrant, we began our analysis on the assumption that "the warrant authorized a premises search only, and not a search of Bulgin's person and therefore her purse." *Id*. at 880, 820 P.2d at 1237. Proceeding on this assumption, this Court adopted the aforementioned relationship test and held that "the personal effects of an overnight visitor would be subject to a search, whereas the personal effects of a mere visitor or passerby would not be subject to a search." *Id.* In applying this standard to Bulgin's purse, we concluded:

In the present case, Bulgin was not a transient visitor or a mere passerby. Not only was she an overnight guest at the premises described in the search warrant, the officers had described her in their affidavit and articulated a suspicion that she was using methamphetamine. Therefore, the search of Bulgin's purse was within the scope of the premises search warrant.

*Id*. at 880-81, 820 P.2d at 1237-38. Although Bulgin was both an overnight visitor and described in the search warrant application, the legal standard, when read in its proper context, did not require both. *See id.*[1]

In this case, the search warrant was issued based on probable cause that evidence of the criminal offense of delivery of a controlled substance would be located at the residence. The warrant authorized a search of the residence, outbuildings, and certain vehicles located at the residence. Certainly, a purse is a plausible repository of such evidence and Wenzel has not suggested otherwise. The district court found that Wenzel neither requested nor attempted to take the purse from the residence when officers escorted Wenzel outside prior to conducting the search. Although Wenzel was not a person described in the search warrant, it is uncontested that Wenzel was an overnight guest. Thus, Wenzel's purse, found within the premises, was subject to the search warrant. Consequently, Wenzel has failed to show that district court erred in denying Wenzel's motion to suppress the hydrocodone pills found inside her purse. Accordingly, Wenzel's judgment of conviction for possession of a controlled substance is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] Wenzel also asks this Court to adopt a separate notice test in order to conclude that the search of the purse was outside the scope of the search warrant. We decline Wenzel's invitation, having previously chosen to adopt the relationship test in *Bulgin*, and Wenzel's failure to demonstrate why this standard should be abandoned for another. *See id.* at 880, 820 P.2d at 1237.