# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48878

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

RICKY ALLEN LEWIS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 4, 2022

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for trafficking in marijuana, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant. Kimberly A. Coster argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LORELLO, Chief Judge

Ricky Allen Lewis appeals from his judgment of conviction for trafficking in marijuana. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Behind a residence being searched pursuant to a warrant, officers encountered a locked, fifth-wheel trailer registered to Lewis and his wife.[1] The trailer was not attached to a vehicle, had

_____

[1] The district court did not make an express factual finding regarding the registration or ownership of the trailer. However, an officer who executed the search warrant testified during the suppression hearing that the trailer was registered to Lewis and his wife.

1

its "jacks down," inflated tires chocked, slide-outs and front-door stairs extended, and was "hooked up" to electricity. Lewis told officers that no one was using the trailer because the keys for it had been lost for about a year. After a drug dog alerted to the presence of controlled substances in the trailer, officers entered the trailer and discovered controlled substances and drug paraphernalia.[2]

The State charged Lewis with trafficking in marijuana, possession of methamphetamine, possession of drug paraphernalia, and a persistent violator sentencing enhancement. Lewis moved to suppress the evidence found in the trailer, arguing the search "exceeded the scope of the search warrant." The district court denied the motion, concluding that the search warrant authorized the search of the trailer because it was in the curtilage of the residence and "akin to an outbuilding." Lewis subsequently entered a conditional guilty plea to trafficking in marijuana, I.C. § 37-2732B(a)(1), reserving the right to appeal the denial of his motion to suppress. In exchange for his guilty plea, the State dismissed the possession of methamphetamine and possession of drug paraphernalia charges. Lewis appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

---

[2] Neither Lewis's motion to suppress nor the evidence presented during the suppression hearing indicate what officers found within the trailer. The State's briefing, however, references an affidavit from an officer who executed the search that was submitted with the criminal complaint filed against Lewis, which indicates that marijuana, methamphetamine, and drug paraphernalia were seized from the trailer.

2

Lewis argues that the district court erred by denying his motion to suppress. Specifically, Lewis contends that the search of the trailer exceeded the scope of the search warrant because the warrant did not describe the trailer as a place to be searched. The State responds that the district court correctly concluded that the search warrant authorized a search of the trailer and that, even if it did not, the automobile exception justified the search. We hold that Lewis has failed to show that the district court erred in concluding the trailer was within the scope of the search warrant.

The Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution prohibit the issuance of a warrant unless it particularly describes the place to be searched and the person or things to be seized. The purpose of this guarantee is to safeguard the privacy of citizens by insuring against the search of premises where probable cause is lacking. *State v. Yoder*, 96 Idaho 651, 653, 534 P.2d 771, 773 (1975); *State v. Young*, 136 Idaho 711, 714, 39 P.3d 651, 654 (Ct. App. 2002). Thus, the description of places to be searched enumerated in a search warrant is to be construed to prevent the search of areas that the magistrate court did not specifically find probable cause to search. *State v. Gosch*, 157 Idaho 803, 807, 339 P.3d 1207, 1211 (Ct. App. 2014). Practical accuracy, rather than technical precision, controls whether a search warrant adequately describes the place to be searched. *State v. Teal*, 145 Idaho 985, 989, 188 P.3d 927, 931 (Ct. App. 2008). Ultimately, the question is whether the place to be searched is described with sufficient particularity that an executing officer can locate and identify it with reasonable effort and whether there is a reasonable probability that another location might be mistakenly searched. *State v. Reynolds*, 148 Idaho 66, 69, 218 P.3d 795, 798 (Ct. App. 2009). A search pursuant to a warrant will exceed the scope of the warrant if officers search a location not specifically described or authorized. *See State v. Schaffer*, 133 Idaho 126, 132-33, 982 P.2d 961, 967-68 (Ct. App. 1999).

The search warrant issued in this case authorized the search of the premises of a residence at a specified address and expressly included the "curtilage and any outbuildings located at the residence." The search warrant was issued based on a finding that there was probable cause to believe that evidence related to possession of a controlled substance in violation of I.C. § 37-2732 would be discovered at the location described. As noted, the search conducted pursuant to this warrant uncovered controlled substances and drug paraphernalia.

3

An officer who executed the search warrant testified that Lewis lived in the residence described in the warrant and that he was a registered owner of the trailer found about ten to twenty feet from the residence. The officer further testified that Lewis claimed the trailer had not been used in about a year because the key had been lost. Based upon the evidence presented, which included photographs of the premises, the district court concluded that the trailer fell within the description of the places to be searched set forth in the search warrant. In support of this conclusion, the district court found that the trailer was located in the curtilage of the residence and was "akin to an outbuilding," the search of which was "specifically allowed" under the warrant.

Lewis argues that the trailer "is, as a matter of fact and a matter of law, a separate vehicle and living quarters" that belonged to him and, as such, it was not covered by the warrant. Citing *Gosch*, 157 Idaho 803, 339 P.3d 1207, Lewis contends that broadly interpreting the language of the search warrant as including separate "vehicles or living quarters" that do not belong to the property owner identified in the warrant "frustrates the purpose of the specificity requirement." In *Gosch*, law enforcement obtained a search warrant for Gosch's apartment and his vehicle, which was described as a black jeep. Prior to executing the warrant, officers observed Gosch and two other individuals carrying items from Gosch's apartment and loading them into his jeep and a sedan. Although the jeep was the only vehicle identified in the warrant, officers also searched the sedan following a dog alert and discovered cocaine and marijuana. Addressing the scope of the warrant, this Court concluded the sedan was not included because the warrant only specifically authorized a search of the apartment and the jeep. This Court rejected the State's argument that the warrant authorized a search of the entire premises, including all vehicles in the driveway. This Court's reasoning, relied on by Lewis in this case, was that "interpreting the language of the warrant broadly to include all vehicles located in the driveway of the premises frustrates the purpose of requiring specificity in describing the places to be searched, which is to prevent a general, exploratory rummaging in a person's belongings." *Id*. at 807, 339 P.3d at 1211. Even assuming Lewis owned the trailer, his reliance on *Gosch* is misplaced because the warrant at issue in this case is broader than the one in *Gosch* and Lewis was the regular occupant of the residence subject to the warrant.

Warrants that extend to the curtilage of a residence generally authorize the search of separate structures found within the curtilage, but not separate dwellings omitted from the warrant.

4

*See State v. Sapp*, 110 Idaho 153, 156, 715 P.2d 366, 369 (Ct. App. 1986) (holding that a warrant that authorized the search of a "premises" also authorized the search of an underground greenhouse situated in the curtilage not described in the warrant); *see also United States v. Griffin*, 827 F.2d 1108, 1114-15 (7th Cir. 1987) (holding that the term "premises" extends to the land and buildings on the land, even if only specific structures are mentioned in a warrant). *But see Reynolds*, 148 Idaho at 68-69, 218 P.3d at 797-98 (observing that warrants for the search of a structure with multiple dwelling units may be held invalid if the description of the place to be searched authorizes the search of units occupied by innocent persons). Additionally, the search of a fixed premises can extend into separate areas within those premises, even if separate acts of opening and entry are required. *United States v. Ross*, 456 U.S. 798, 820-21 (1982). Courts have applied this logic to recreational vehicles. *See United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976) (holding that a search of the "premises" of a street address extended to a camper in the driveway); *Norman v. State*, 931 S.W.2d 96, 98-99 (Ark. 1996) (upholding the search of a small camper trailer where the warrant covered "premises" and "the definition of the term 'premises' includes both the land of the property and the buildings and structures thereon"). Similarly, any container within a residential premises, which is the subject of a validly issued warrant, may be searched if it is reasonable to believe that the container could conceal items sought in the warrant. *State v. Wenzel*, 162 Idaho 474, 475, 399 P.3d 145, 146 (Ct. App. 2017). This is true even if the container belongs to someone other than the owner of the residence. *Id*. at 475-76, 399 P.3d at 146-47 (concluding that purse of overnight guest could be searched pursuant to warrant authorizing search of residence, outbuilding, and certain vehicles because it was a "plausible repository" of evidence to be seized).

Although Lewis asserts that the district court's finding that the trailer was akin to an outbuilding is legally and factually incorrect because the trailer is a vehicle, it is unnecessary to address this assertion because the search warrant authorized a search of the trailer regardless. As previously stated, a "premises" search warrant authorizes the search of structures and personal effects situated in the curtilage that could reasonably contain the objects sought in the warrant.[3]

---

[3] Contrary to Lewis's argument on appeal, this Court has held that a search warrant for a residence can authorize the search of the effects of nonowners not identified in the warrant when they have a sufficient connection to the property such as the usual occupant of the property. *See Wenzel*, 162 Idaho at 476, 399 P.3d at 147 (upholding the search of an overnight guest's effects);

Even if the trailer is a vehicle and not an outbuilding, as Lewis asserts,[4] it would constitute one of his personal effects in the Fourth Amendment context. *See United States v. Jones*, 565 U.S. 400, 404 (2012) (holding that a vehicle is an "effect" under the Fourth Amendment). It is undisputed that the trailer was located in the curtilage of the residence described in the search warrant and could hold the items authorized to be seized under the warrant. Because we affirm the district court on this basis, it is unnecessary to address the State's alternative argument that the automobile exception justified the search of the trailer.

## IV.

## CONCLUSION

Lewis has failed to show reversible error in the district court's conclusion that the search of the fifth-wheel trailer fell within the scope of the search warrant. Thus, the district court did not err by denying Lewis's motion to suppress. Accordingly, Lewis's judgment of conviction for trafficking in marijuana is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

*State v. Bulgin*, 120 Idaho 878, 880-81, 820 P.2d 1235, 1237-38 (Ct. App. 1991) (also upholding search of an overnight guest's effects). It is undisputed that Lewis was a usual occupant of the residence subject to the search warrant.

[4] According to Lewis, the trailer constitutes a vehicle as "a matter of fact and law." In support of this assertion, Lewis cites I.C. §§ 49-121(6)(b), (f). Notably, the statutes indicate that a fifth-wheel trailer is a "vehicular unit." Regardless, the content of these statutes would not necessarily render the trailer a vehicle for Fourth Amendment purposes. *Cf. Virginia v. Moore*, 553 U.S. 164, 172 (2008) (observing that state law does not alter the content of the Fourth Amendment).

6