**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52157**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 23, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **LISA MARIE BLYTH, aka LISA** | ) **OPINION AND SHALL NOT** |
| **MARIE COOKSEY,** | ) **BE CITED AS AUTHORITY** |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and sentence for trafficking in methamphetamine, affirmed; order denying motion to suppress, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Lisa Marie Blyth appeals from the judgment of conviction for trafficking in methamphetamine. Blyth argues the district court erred in denying her motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police obtained a warrant to search for evidence of drug-related crimes at a residence occupied by Blyth, her husband Dennis Cooksey, and others. The warrant provided: "You are commanded to execute this warrant on or before _____ (*not to exceed 14 days*)" during daytime hours (capitalization omitted). The line for a specific date was left blank. Twelve days later, the police executed the warrant. Prior to the search, upon information from a confidential informant

1

inside the residence, officers observed and arrested an individual who was leaving the house; that individual was found to be in possession of guns and drugs. Police also observed Blyth leave the residence and arrested her on an active arrest warrant. Blyth admitted to possessing drugs in her car and in the residence and described where her bedroom was. Officers then began the search of the residence.

In the bedroom, which Blyth shared with Cooksey, officers located marijuana, two baggies containing approximately twenty grams of methamphetamine, and multiple items of drug paraphernalia. Officers also found and opened a locked safe under the bed which contained approximately one pound of methamphetamine and a digital scale. The State charged Blyth with felony trafficking in methamphetamine (400 grams or more), Idaho Code §§ 37-2732B(a)(4)(B), 18-204; felony possession of marijuana with intent to deliver, I.C. §§ 37-2732(a), 18-204; and misdemeanor possession of drug paraphernalia, I.C. §§ 37-2734A, 18-204.

Blyth filed a motion to suppress. Blyth argued that the search warrant was invalid because the specific date to execute the warrant was left blank, contrary to Idaho Criminal Rule 41(d) and I.C. § 19-4412. Blyth also argued the police exceeded the scope of the warrant when they opened the locked safe found underneath the bed. The district court denied the motion finding that Blyth had standing to challenge the search; the search warrant was valid and did not violate I.C.R. 41(d) and I.C. § 19-4412 because it explicitly stated that it must be and was exercised within fourteen days of its issuance; any statute or rule violations were not constitutional violations for suppression purposes; and the officers did not exceed the scope of the warrant because the safe was a plausible repository for illegal drugs.

Pursuant to a plea agreement, Blyth pled guilty to trafficking in methamphetamine, amended down to "two hundred (200) grams or more," reserving her right to challenge the denial of her motion to suppress. The State dismissed the remaining charges. Blyth appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts,

2

weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

"Mindful" of *State v. Wright*, 115 Idaho 1043, 772 P.2d 250 (Ct. App. 1989), Blyth argues the warrant's blank expiration date violated I.C.R. 41(d) and I.C. § 19-4412, requiring suppression of the evidence. "Mindful" of *State v. Smith*, 119 Idaho 11, 802 P.2d 1223 (Ct. App. 1990), Blyth argues the police exceeded the scope of the warrant when the officers opened the locked safe in her bedroom.

The Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution protect citizens from unreasonable searches and seizures "in their persons, houses, papers and effects." In *Wright*, this Court held, "Although courts strictly enforce the statutory time period for a warrant's validity, failure of the issuing magistrate to actually specify in the warrant the period--within which the warrant must be executed--will not lead to suppression." *Wright*, 115 Idaho at 1048, 772 P.2d at 255. In addition, if the officers execute the warrant within the fourteen-day limit, and the defendant cannot demonstrate any resultant prejudice from the lack of a specific date on the face of the warrant, the failure to include the specific date is not fatal to the search warrant or the admissibility of the evidence seized. *Id.* Blyth acknowledges that the police executed the warrant within fourteen days, and she alleged no prejudice as required by *Wright*. In accordance with this Court's holding in *Wright*, Blyth's claim that the warrant was invalid and void because it did not specify an expiration date for the search is without merit. In addition, we note that the suppression of evidence is a court-created remedy to ensure compliance with constitutional standards, and it is not appropriate to extend that remedy to violations that are merely statutory. *State v. Lancaster*, 171 Idaho 236, 241, 519 P.3d 1176, 1181 (2022); *see State v. Bussard*, 114 Idaho 781, 787, 760 P.2d 1197, 1203 (Ct. App. 1988) (defects in the return of a warrant, as required by I.C.R. 41(d), do not require suppression).

Additionally, Blyth argues the police exceeded the scope of the warrant when the officers opened the locked safe in her bedroom. Blyth, however, acknowledges this Court's holding in *Smith* where we stated that when conducting a search for material described in a warrant, an officer is not limited to what is immediately apparent on sight, but may open plausible repositories for

such material. *Smith*, 119 Idaho at 13, 802 P.2d at 1225. In *State v. Lewis*, 170 Idaho 267, 271, 509 P.3d 1196, 1200 (Ct. App. 2022), this Court held that containers situated within a residence which are the subject of a validly issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind described in the warrant. Blyth does not challenge the district court's factual finding that the safe was a possible repository for controlled substances. In accordance with this Court's holding in *Smith*, Blyth's claim that the officers exceeded the scope of the warrant by searching the safe is without merit.

## IV.

## CONCLUSION

Blyth fails to demonstrate error in the district court's denial of her motion to suppress. Therefore, the judgment of conviction and sentence for trafficking in methamphetamine and the district court's order denying Blyth's motion to suppress are affirmed.

Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.

4