**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lasco Lavaun HURT, Defendant-Appellant.**

**No. 85-3058.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1986.

Decided Jan. 20, 1987.

---

**2.** The BIA may, of course, be directed to examine more closely on remand matters that it had ignored before.

Robert C. Weaver, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

John S. Ransom, Ransom, Blackman & Simson, Portland, Or., for defendant-appellant.

Before FLETCHER, ALARCON, and WIGGINS, Circuit Judges.

### ORDER

The court's opinion in this case filed July 25, 1986, and which appears in 795 F.2d at 765 is amended as follows:

1. Add the following on page 773, prior to the paragraph beginning with headnote [11]:

Hurt asserts that we must reverse this matter because the description of the items to be seized was "very similar" to the warrant found invalid in our decision in *United States v. Hale,* 784 F.2d 1465 (9th Cir.1986). We disagree. *Hale* is clearly distinguishable. In *Hale,* we concluded that a warrant describing the items to be seized as "obscene, lewd, lascivious, or indecent" is "too general to support the seizure of material that was, at the time of the seizure, arguably protected by the first amendment." *Id.* at 1469.

The warrant in the matter before us particularly described the material to be seized. The officers were specifically commanded to search for material "depicting minors (that is, persons under the age of 16) engaged in sexually explicit activity" as required by the fourth amendment. This language sufficiently circumscribed the officers' discretion at the time of the seizure. *See Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 325–26, 99 S.Ct. 2319, 2324, 60 L.Ed.2d 920 (1979). The words used in the warrant to describe the material sought need no expert training or experience to clarify and limit their meaning. Any rational adult person can recognize sexually explicit *conduct* engaged in by children under the age of 16 when he sees it. Furthermore, the facts show that when asked where he kept his pornography, Hurt directed the officers to the closet in his bedroom.

The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.