988 P.2d 216

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William S. WEIMER, Defendant–
Appellant.**

No. 24763.

Court of Appeals of Idaho.

Sept. 15, 1999.

Wiebe & Fouser, Canyon County Public Defender; Onadayo O. Onanubosi, Deputy Public Defender, Caldwell, for appellant. Onadayo O. Onanubosi argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

William S. Weimer, pursuant to his I.C.R. 11 plea of guilty to two counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18–1508A, appeals from the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On December 11, 1997, Caldwell police officer Murphy, along with two other officers, executed a search warrant (SW1125), directing them to search Weimer's motel room for evidence of explosives and dominion and control.[1] During the execution of SW1125, officer Murphy opened a cardboard box which contained women's lingerie. Located next to this box was a gray metal fire lock box. Officer Murphy opened the lock box and discovered, among other things, a note to Weimer in a child's handwriting, eight packets containing developed photographs, and other individual photographs. A few of the individual photos were laying on top of the packets. Officer Murphy noted that the individual photographs were not professional in nature and the subjects of them were teenage girls in women's lingerie. One of the girls was posing in a sexually explicit position. Officer Murphy placed the items back into the lock box. Officer Murphy also discovered several rolls of undeveloped film and, next to the lock box, what he described as a multiple-choice "sexual desire test." He then found another cardboard box with adult magazines and three adult films. Additionally, officer Murphy observed children's toys and a pair of binoculars.

Officer Murphy secured all of the above items by removing them from the motel room and locking them in his office at the police station. Officer Murphy then applied to a magistrate for a second search warrant to look at the developed photographs contained in the packets and to develop and examine the remaining film. SW1126 was issued and allowed the officers to seize:

[O]ne 1' X 1' X 2' cardboard box containing female lingerie; one blue nylon camera case containing undeveloped film; one

1. Weimer challenges neither SW1125, nor its execution.

gray Caselogic nylon bag; one½' X 1' X 2' cardboard box containing adult/erotic magazines; one gray 1' X½' X 1½' gray metal lock box; children's toys; binoculars; three video tapes:—"Just Friends"; "EX09"; "Filthy Delight # 4" and handwritten notes, said items containing evidence of sexual abuse and/or child pornography (said items to be seized, developed and viewed/examined for content).

SW1126 was executed immediately.

Subsequently, Weimer was charged with several crimes, including one count each of possession of sexually exploitative material, I.C. §§ 18–1507, –1507A; sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18–1508A; and sexual abuse of a child under the age of sixteen, I.C. § 18–1506. Weimer moved to suppress the evidence against him, arguing that the magistrate lacked probable cause to issue SW1126 and SW1126 did not satisfy the particularity requirement of the Fourth Amendment. The district court denied Weimer's motion. Weimer pled guilty, pursuant to I.C.R. 11, to two counts of sexual battery of a minor child under sixteen or seventeen years of age. Weimer now appeals the denial of his motion to suppress.

## II.

## ANALYSIS

Weimer challenges the district court's denial of his motion to suppress evidence on two grounds. First, Weimer contends that officer Murphy's oral affidavit was insufficient to establish probable cause for the issuance of SW1126. Second, Weimer contends that SW1126 was overbroad and vague on its face.

The Fourth Amendment to the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17 of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." Weimer alleges that both constitutional provisions were violated here. However, he does not contend that Article I, Section 17 of the Idaho Constitution provides greater protection than its Fourth Amendment counterpart. Because Weimer has not presented any cogent reason why our state constitution should be applied differently than the Fourth Amendment with respect to the search involved here, we will rely upon judicial interpretation of the Fourth Amendment in rendering our decision.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which were supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). Weimer does not dispute the district court's factual findings.

## A. Probable Cause

Weimer contends that officer Murphy's oral affidavit was insufficient to allow the magistrate to find probable cause that the photographs described by officer Murphy were "sexually exploitative material." Weimer asserts that officer Murphy's conclusory statements should not have been used to establish probable cause. Additionally, Weimer alleges that since the photographs were "potentially expressive material," and because of the strictures of the First Amendment, they were entitled to the special protection that First Amendment constraints impose on presumptively protected material.

When probable cause to issue a search warrant is questioned on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983); *State v. Josephson,* 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang,* 105 Idaho

683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546; *State v. Wilson,* 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct.App.1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman,* 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct.App.1985).

■■■ In dealing with probable cause, the Court is concerned with probabilities. *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949). "These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men [and women], not legal technicians, act." *Id.* Whether probable cause exists to support the issuance of a search warrant is determined by the magistrate from the facts set forth in affidavits and from recorded testimony in support of the application for the warrant. *Josephson,* 123 Idaho at 792, 852 P.2d at 1389; *State v. Hagedorn,* 129 Idaho 155, 160, 922 P.2d 1081, 1086 (Ct.App. 1996). When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. *See also Wilson,* 130 Idaho at 215, 938 P.2d at 1253. Assertions in the affidavit must establish a sufficient nexus between criminal activity, the things to be seized and the place to be searched to lead to the issuance of a warrant. *State v. Sorbel,* 124 Idaho 275, 278, 858 P.2d 814, 817 (Ct. App.1993).

■ Officer Murphy provided the magistrate with an oral affidavit in support of the application for SW1126. Officer Murphy averred that he observed, among other things, eight packets containing photographs

with a few individual photos laying on top. The photographs were not professional in nature. In one of the individual photographs, officer Murphy stated that the subject, a young teenage girl, "was in some lingerie, women's lingerie, posing in a sexually explicit position. I could tell by the picture she had no pubic hair around her vaginal area."

Based on officer Murphy's testimony, the magistrate found probable cause that evidence of child pornography and/or child sexual abuse was discovered during the execution of SW1125 and, thus, issued SW1126.

Idaho Code Section 18–1506 defines child sexual abuse, and states, in relevant part:

> (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:
>
> . . . .
>
> (c) make any photographic or electronic recording of such minor child.

Idaho Code Section 18–1508A defines sexual battery of a minor child sixteen or seventeen years of age and states, in relevant part:

> (1) It is a felony for any person at least five (5) years of age older than a minor child who is sixteen (16) or seventeen (17) years of age, who, with the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of such person, minor child, or third party, to:
>
> . . . .
>
> (d) Make any photographic or electronic recording of such minor child.

■■■ Weimer contends that officer Murphy's assertion that a subject in a photograph was posing in a "sexually explicit position" was conclusory and, thus, insufficient to provide the magistrate with probable cause to issue the warrant. An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. A magistrate's finding of probable cause "cannot be a mere ratification of the bare conclusions of others." *Id.* Thus, probable cause cannot be found in a

*purely* conclusory affidavit that does not detail any of the underlying circumstances. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684, 688 (1965). Here, in addition to officer Murphy's statement that the subject in the photograph in a "sexually explicit position," the oral affidavit provided to the magistrate included, among other things, a detailed description of the subjects of the photographs. The magistrate was thus provided with a basis for making an independent judgment regarding whether probable cause existed. *See Gates,* 462 U.S. at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

Additionally, in *United States v. Smith,* 795 F.2d 841 (9th Cir.1986), the Court held that an affidavit's "conclusory" statement that the photographs in that case depicted "sexually explicit conduct" was not fatal to the warrant. *Id.* at 848. Furthermore, in the instant case, the magistrate's decision to issue a search warrant was based on all the circumstances set forth before it. Officer Murphy stated that the subjects of the photographs, who he believed based on his observations to be teenagers, wore women's lingerie. Officer Murphy could tell that one of the subjects had "no pubic hair around her vaginal area." Officer Murphy stated that the subjects of the photographs posed for the person taking the pictures. He also informed the magistrate of the presence of the "sexual desire test" and children's toys. Finally, officer Murphy told the magistrate about the undeveloped film, the three adult video cassettes and adult magazines.

We hold that the magistrate could properly and reasonably rely on a common-sense reading of officer Murphy's affidavit. *See Smith,* 795 F.2d at 848. Based on that reading, the magistrate had a substantial basis for finding that, contained within the items seized by the police, there was evidence that Weimer made photographic recordings of a minor child with the intent to gratify the lust, passions, or sexual desire of the actor, minor child, or a third party. *See* I.C. §§ 18–1506,—1508A.

Insofar as the possession of child pornography, the legislature has seen fit to criminalize the sexual exploitation of a child. I.C. §§ 18–1507 and –1507A. Idaho Code Section 18–1507A, subsection (2), states in relevant part, that every person "who knowingly and willfully has in his possession any sexually exploitative material as defined in section 18–1507, Idaho Code, for other than a commercial purpose, is guilty of a felony." "Sexually exploitative material" is defined as "any photograph ... which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." I.C. § 18–1507(2)(k). A child, as defined by I.C. § 18–1507(1) is a person below the age of eighteen. "Erotic nudity" is included within the definition of "explicit sexual conduct." I.C. § 18–1507(2)(f). "Erotic nudity" is defined as the display of, among other things, the human female genitals or pubic area, or the undeveloped or developing genitals or pubic area of the human female child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved. I.C. § 18–1507(2)(e).

Officer Murphy's descriptions of the photographs themselves were sufficient to provide probable cause that Weimer possessed photographs in violation of I.C. § 18–1507A. The subjects of the photographs were young teenage girls wearing lingerie and, in one photograph, the vaginal area of one subject was displayed, evidencing that she did not have pubic hair. The photographs were not professional in nature. Therefore, probable cause existed, based on officer Murphy's oral affidavit, that a violation of I.C. § 18–1507A had occurred.

Weimer also contends that since the photographs were "potentially expressive material," and because of the strictures of the First Amendment, the photographs were entitled to the special protection that First Amendment constraints impose on presumptively protected material. The United States Supreme Court, has held:

> The First Amendment imposes special constraints on searches for and seizures of presumptively protected material and requires that the Fourth Amendment be applied with "scrupulous exactitude" in such circumstances. Consequently the Court has imposed particularized rules applicable to searches for and seizures of allegedly *obscene* films, books and papers.

*Maryland v. Macon,* 472 U.S. 463, 468, 105 S.Ct. 2778, 2781, 86 L.Ed.2d 370, 376 (1985) (citations omitted) (emphasis added). The Idaho Supreme Court recognized this holding in *State v. Claiborne,* 120 Idaho 581, 583, 818 P.2d 285, 287 (1991). This scrupulous exactitude requires that a warrant not issue merely on an officer's conclusory assertion that material is obscene. *Marcus v. Search Warrant of Property at 104 East Tenth Street, Kansas City, Mo.,* 367 U.S. 717, 731–32, 81 S.Ct. 1708, 1715–17, 6 L.Ed.2d 1127, 1135–37 (1961). There is a difference, however, in constitutional requirements between child protection and obscenity statutes that results in varied standards for an affidavit supporting a warrant under the child protection statutes. *Smith,* 795 F.2d at 848, n. 7. Additionally, while a statement in an affidavit that material depicts sexually explicit conduct is "conclusory" to a certain extent, it is a conclusion based on *observation* and not, as in the case of "obscenity," one based on *evaluation. Id.* (emphasis added). Moreover, the *Claiborne* Court held that when a book is suspected to be sexually exploitative material, the "book is judged to be evidence of a crime, it is seizable with a valid warrant ... just as any other piece of evidence of a crime would be." *Claiborne,* 120 Idaho at 585, 818 P.2d at 289. The *Claiborne* Court's reasoning applies equally to the photographs in the case at bar.

Officer Murphy did not seek to seize the material because he evaluated it to be allegedly obscene, but because he observed it and determined that it was evidence of sexual abuse and/or child pornography. Additionally, officer Murphy sought a warrant from a neutral and detached magistrate—a procedure that provides a reliable safeguard against improper searches. *See Lo–Ji Sales, Inc., v. New York,* 442 U.S. 319, 326, 99 S.Ct. 2319, 2324, 60 L.Ed.2d 920, 928 (1979). As we have previously stated, the magistrate issued SW1126 based on all the circumstances set before it in officer Murphy's oral affidavit, not merely on officer Murphy's conclusory assertion that the photographs were "sexually explicit." Thus, all Fourth Amendment requirements were satisfied in this case.

Moreover, like the book seized in *Claiborne,* the seizure of the photographs in the case at bar implicates none of the constitutional concerns that require heightened procedural safeguards in the context of seizing "expressive materials.". Here, there was no danger of prior restraint, because Weimer was not in the business of producing expressive materials, and the police seized only the photographs in Weimer's private possession. *See Claiborne,* 120 Idaho at 583–84, 818 P.2d at 287–88. Additionally, the seizure of sexually exploitative materials does not require police to make subjective judgments at the time of the seizure regarding whether the material is obscene. *See id.* at 584, 818 P.2d at 288. Finally, because Idaho has chosen to criminalize possession of sexually exploitative material, the seized photographs achieve the status of prohibited material. *See id.* at 585, 818 P.2d at 289.

Therefore, based on the evidence before us, officer Murphy's oral affidavit provided probable cause for the issuance of SW1126. Thus, we cannot say that the magistrate abused its discretion by issuing that search warrant, nor can we say that the district court erred in denying Weimer's motion to suppress.

**B. Overbreadth**

Weimer argues that SW1126 did not describe identifying characteristics that would render an object "child pornography." He thus asserts that SW1126 was unconstitutionally overbroad and did not satisfy the particularity requirement of the Fourth Amendment. Weimer contends that the warrant did not utilize any language from the Idaho Code.

 Search warrants are not subject to technical drafting requirements. They should be interpreted in a commonsense and realistic fashion. *State v. Holman,* 109 Idaho 382, 388, 707 P.2d 493, 499 (Ct.App.1985). The Fourth Amendment requires particularity sufficient to prevent the seizure of one thing under a warrant describing another and to prevent the exercise of discretion by the officer executing the warrant. *Id.* The particularity requirement's objective is that those searches deemed necessary based on a

probable cause determination by a magistrate should be as limited as possible. *See State v. Caldero*, 109 Idaho 80, 84, 705 P.2d 85, 89 (Ct.App.1985). A search warrant must be particular enough so that "[a]s to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231, 237 (1927). However, this statement is not to be read literally. *See* 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT, § 4.6(a) at 551 (3rd ed.1996). Instead, the "warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *United States v. Cook*, 657 F.2d 730, 733 (5th Cir.1981); *see also United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir.1984). The specific evil that the particularity requirement guards against "is the 'general warrant' abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583 (1971). *See also Caldero*, 109 Idaho at 84, 705 P.2d at 89 (citation omitted). A warrant accomplishes this objective by requiring a particular description of the things to be seized. *Id.* The decision whether a search warrant's particularity is sufficient is reviewed *de novo. See United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir.1986).

■ SW1126 authorized the seizure of: [O]ne 1′ × 1′ × 2′ cardboard box containing female lingerie; one blue nylon camera case containing undeveloped film; one gray Caselogic nylon bag; one ½′ × 1′ × 2′ cardboard box containing adult/erotic magazines; one gray 1′ × ½′ × 1½′ gray metal lock box; children's toys; binoculars; three video tapes:—"Just Friends"; "EX09"; "Filthy Delight # 4" and handwritten notes, said items containing evidence of sexual abuse and/or child pornography (said items to be seized, developed and viewed/examined for content).

The warrant did not permit the officers to conduct a search that amounted to a "general, exploratory rummaging in a person's belongings." Here, in addition to the video tapes, children's toys, and binoculars, there were five distinct containers seized, each potentially containing evidence of a crime. None of Weimer's other property was searched pursuant to SW1126.

Weimer contends that, because the terms "sexual abuse" and "child pornography" were not defined within SW1126, the warrant was overbroad. Weimer relies primarily on *State v. Perrone*, 119 Wash.2d 538, 834 P.2d 611 (1992) in support of his argument. In *Perrone*, the search warrant authorized the seizure of the following:

Child or adult pornography; photographs, movies, slides, video tapes, magazines, or drawings of children or adults engaged in sexual activities or sexually suggestive poses; correspondence with other persons interested in child pornography, phone books, phone registers, correspondence or papers with names, addresses, phone numbers which tend to identify any juvenile; camera equipment, video equipment, sexual paraphernalia; records of safe deposit boxes, storage facilities; computer hardware and software, used to store mailing list information or other information on juveniles; papers of dominion and control establishing the identity of the person in control of the premise; any correspondence of papers which tend to identify other pedophiles.

*Id.* at 613–14. Noting that "the probable cause determination is relevant to the inquiry into the sufficiency of the descriptions in the search warrant," the court struck several portions of the warrant that were not supported by probable cause. *Id.* at 618. The language of the warrant, after striking portions that were not supported by probable cause allowed the seizure of "[c]hild … pornography; photographs, movies, slides, video tapes, magazines … of children … engaged in sexual activities…." *Id.* at 619. The *Perrone* Court held that, under the circumstances, "the term 'child … pornography,' *i.e.*, the remainder of the first clause, [was] invalid *in the context of the warrant's language as a whole.*" *Id.* (emphasis added). The court so held because: (1) the term "child pornography" is an "omnibus legal description" not defined in the statutes; (2) the

term "child pornography" is "a broad description of the type of materials sought"; and (3) under the facts of the case, the description of materials sought could not be held sufficiently particular given the rest of the warrant's language, because "so much of the rest of the warrant suffers from lack of probable cause and from insufficient particularity." *Id.* at 619–20.

*Perrone* is distinguishable from the instant case. Here, the entire warrant was supported by probable cause. Moreover, SW1126 provided for the seizure of evidence of sexual abuse, in addition to child pornography. Finally, sexual abuse is defined by the Idaho Code, *see* I.C. §§ 18–1506 and –1508A, as is child pornography, *see* I.C. §§ 18–1507A, and –1507.

As the Idaho Supreme Court held in *Claiborne*, "the problem of police making subjective judgments at the time of [a] seizure is not present in the case of seizing sexually exploitative materials." 120 Idaho at 584, 818 P.2d at 288. This is so, the *Claiborne* Court reasoned, because the definition of sexually exploitative material is detailed and narrowly defined by statute. We find the reasoning of the *Claiborne* Court instructive to our analysis. Like "sexually exploitative material," the definitions of "sexual abuse" and "child pornography" are detailed and narrowly defined by statute.

We also find the reasoning used by several federal appellate courts to be of assistance to our analysis. In *United States v. Hurt,* 808 F.2d 707 (9th Cir.1987), the Court held that a warrant commanding officers to search for material "depicting minors (that is, persons under the age of 16) engaged in sexually explicit activity" sufficiently circumscribed the officers' discretion at the time of the seizure. *Id.* at 708. The *Hurt* Court held that the "words used in the warrant to describe the material sought need no expert training or experience to clarify and limit their meaning. Any rational adult person can recognize sexually explicit *conduct* engaged in by children under the age of 16 when he sees it." *Id.* Thus, the *Hurt* Court held that the warrant in that case was not overbroad.

The Fifth Circuit Court of Appeals, in *United States v. Layne,* 43 F.3d 127 (5th Cir.1995), determined that a warrant authorizing the search and seizure of "Child pornography; records of victims; drawings; pictures; computer disks, sexual devices; videotapes; child abuse books; magazines; audiotapes; and any other obscene or child pornographic material" was sufficiently particular. The *Layne* Court so held because the police officers executing the warrant "would be sufficiently guided in their discretion to know what items could be seized." *Id.* at 133.

Finally, in *United States v. Kimbrough,* 69 F.3d 723 (5th Cir.1995), the Court addressed a challenge to a search warrant authorizing seizure of computer hardware and software used to "depict a minor engaging in sexually explicit conduct." The *Kimbrough* Court distinguished cases involving obscenity from those involving sexually explicit conduct and held that, unlike the determination of which presumptively protected materials are obscene, the identification "of visual depictions of minors engaging in sexually explicit conduct ... is a factual determination that leaves little latitude to the officers." *Id.* at 727–28.

As we have stated above, the term "sexual abuse" is well defined in the Idaho Code. Additionally, the concept of "child pornography" is likewise well defined. Thus, SW1126 was sufficiently particular to prevent the seizure of one thing under the warrant describing another. Therefore, we hold that SW1126 was not unconstitutionally overbroad.

### III.

### CONCLUSION

We conclude that SW1126 was supported by probable cause, and we hold that the magistrate did not abuse its discretion when issuing the warrant. Moreover, we hold that SW1126 was sufficiently particular to satisfy the requirements of both the federal and state constitutions, and thus was not unconstitutionally overbroad. Therefore, the district court's order denying Weimer's motion to suppress is affirmed.

Judge SCHWARTZMAN and Judge Pro Tem HORTON, concur.