IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40895

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | 2014 Opinion No. 99 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: December 3, 2014 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| KIRK JULLIARD GOSCH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for manufacturing marijuana, possession of marijuana with intent to deliver, and possession of marijuana in excess of three ounces, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Kirk Julliard Gosch appeals from his judgment of conviction for manufacturing marijuana, possession of marijuana with intent to deliver, and possession of marijuana in excess of three ounces. Specifically, Gosch challenges the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The following facts were found by the district court after an evidentiary hearing on Gosch's motion to suppress. Gosch was stopped in his vehicle by officers and was cited for possession of marijuana and possession of paraphernalia. Gosch's criminal history included a prior arrest for possession of paraphernalia. This information was communicated to the Idaho

State Police (ISP), which had multiple years of reports that Gosch was involved in smuggling marijuana from Canada to Idaho. Thereafter, the ISP searched garbage from Gosch's apartment and found several plastic bags with corners cut off; small plastic bags containing a white powdery substance; heat-sealed plastic bags bearing labels of "A" or "B," markings used to denote grades of marijuana from Canada; plant stems that tested positive for THC; and several plastic bags emanating a strong odor of marijuana and containing a green leafy substance.

As a result of the accumulated evidence, the ISP requested a search warrant for Gosch's apartment and vehicle. The magistrate issued a search warrant for Gosch's apartment and black Jeep, authorizing officers to search for evidence of trafficking in marijuana and conspiracy to traffic in marijuana. Prior to the execution of the search warrant, an officer observed Gosch and two other individuals carrying items from Gosch's apartment and loading them into Gosch's Jeep and a sedan parked in the driveway. While executing the search warrant, a dog was used to search three vehicles in Gosch's driveway--a sedan, pickup, and Jeep--while only the Jeep was explicitly included in the warrant. The dog alerted on the sedan and the officer opened the doors to allow the dog to search the interior. Cocaine and marijuana were found in the trunk. Based upon various items found in Gosch's apartment and the sedan, the state charged Gosch with trafficking in cocaine, I.C. § 37-2732B(a)(2); manufacturing a controlled substance, I.C. § 37-2732(a); possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a); and possession of marijuana in excess of three ounces, I.C. § 37-2732(e).

Prior to trial, Gosch filed a motion to suppress, asserting that the search of the sedan was an impermissible extension of the search warrant and not within a recognized exception to the warrant requirement. The state asserted that the search of the sedan was valid pursuant to the automobile exception and that, alternatively, the evidence found in the sedan would inevitably have been discovered. After taking the matter under advisement, the district court held that the search was valid pursuant to the automobile exception, finding that the sedan was readily mobile and that the drug dog alert provided probable cause for the search. Thus, Gosch's motion to suppress was denied. Gosch proceeded to trial and was found guilty of manufacturing marijuana, possession of marijuana with intent to deliver, and possession of marijuana in excess of three ounces. Gosch appeals.

2

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Although Gosch contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Gosch's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011).

## III.
## ANALYSIS

### A.     Scope of the Search Warrant

Gosch contends officers exceeded the scope of the search warrant when they searched the sedan. A search pursuant to a warrant will exceed the scope authorized if officers seize property not specifically described in the warrant and the seizure does not fall within one of the exceptions to the warrant requirement. *State v. Fairchild*, 121 Idaho 960, 967, 829 P.2d 550, 557

(Ct. App. 1992). A search pursuant to a warrant will also exceed the scope authorized if officers search a location not specifically described or authorized. *Schaffer*, 133 Idaho at 132-33, 982 P.2d at 967-68. The Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution prohibit the issuance of a warrant unless it "particularly describe[s] the place to be searched and the person or thing to be seized." The purpose of this guarantee is to safeguard the privacy of citizens by insuring against the search of premises where probable cause is lacking. *State v. Yoder*, 96 Idaho 651, 653, 534 P.2d 771, 773 (1975); *State v. Young*, 136 Idaho 711, 714, 39 P.3d 651, 654 (Ct. App. 2002). The specific evil that the particularity requirement guards against is the general warrant abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings. *State v. Weimer*, 133 Idaho 442, 449, 988 P.2d 216, 223 (Ct. App. 1999). A warrant accomplishes this objective by requiring a particular description of the things to be seized. *Id.*

Gosch asserts that the magistrate did not authorize a search of the sedan. The search warrant authorized the officers to search the premises and vehicle described as "11974 North Rimrock Road, further described as a single family dwelling, or apartment located above a garage being located directly west of 11970 N Rimrock Road, having an entry door on the southside [sic] of the structure which is the only entrance to the apartment." Handwritten on the warrant, and initialed by the magistrate, was "also black 1996 Jeep K237080 located in driveway, R/O Kirk Gosch." The state argues that the warrant authorized a search of the entire premises located at 11974 Rimrock, which included the sedan parked in the driveway.

A search warrant is to be construed to prevent the search of areas which the magistrate did not specifically find probable cause to search. *Schaffer*, 133 Idaho at 133, 982 P.2d at 968; *see generally Yoder*, 96 Idaho at 653, 534 P.2d at 773. The search warrant in this case clearly and specifically authorized the search of an apartment located above a garage and a black Jeep. Interpreting the language of the warrant broadly to include all vehicles located in the driveway of the premises frustrates the purpose of requiring specificity in describing the places to be searched, which is to prevent a general, exploratory rummaging in a person's belongings. In this case, the scope of the warrant was exceeded when the officers searched the sedan.

**B.      Automobile Exception**

Although the sedan was not within the scope of the search warrant, the state argues that officers were justified in searching the sedan because it was within the automobile exception to

the warrant requirement. Gosch contends that the state failed to meet its burden of proof, before the district court, that the automobile exception applied to the sedan. The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *Ross*, 456 U.S. at 824; *Smith*, 152 Idaho at 120, 266 P.3d at 1225. It is well settled that, when a reliable drug-detection dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005).

In this case, the sedan was not lawfully stopped, but was parked in the driveway of a private residence rented by Gosch. At the hearing on Gosch's motion to suppress, Gosch asserted that, in order to have a valid automobile search, the state was required to prove not only that probable cause existed to search the sedan, but that the sedan was readily movable.[1] The state argued that, having probable cause, the officers were permitted to search the sedan without obtaining a warrant because of the automobile exception to the warrant requirement.

The automobile exception was first recognized in *Carroll v. United States*, 267 U.S. 132 (1925). That case dealt with the seizure of whisky and gin from an automobile during the prohibition years and held:

> [T]he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile, for contraband goods, where it is not practicable to secure a *warrant, because the vehicle can be quickly moved* out of the locality or jurisdiction in which the warrant must be sought.

*Id.* at 153 (emphasis added). The Court later noted that the capacity of a vehicle to be quickly moved was the original basis of the automobile exception but that the Court had also recognized that a lesser expectation of privacy in automobiles than in homes justified less rigorous warrant requirements in automobile searches. *California v. Carney*, 471 U.S. 386, 391 (1985). Following *Carney*, we recognized that the automobile exception is based both upon the

---

[1]    Gosch conceded that the dog's alert on the sedan provided probable cause to believe the sedan contained contraband.

automobile's ready mobility, which is deemed an exigency sufficient to excuse the warrant requirement once probable cause for the search is clear, and the lesser expectation of privacy in an automobile as compared to the privacy interest in a home. *See, e.g., State v. Wigginton*, 142 Idaho 180, 182, 125 P.3d 536, 538 (Ct. App. 2005).

Gosch's argument that, in order for the automobile exception to apply to the sedan, the state was required to prove that the sedan was readily mobile, largely relies upon language in which the United States Supreme Court explained that, "when a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes--temporary or otherwise--the two justifications for the vehicle exception come into play." *Carney*, 471 U.S. at 392-93. Gosch argues that this language means the automobile exception applies in two scenarios--a traffic stop and when the vehicle is readily capable of being used on highways and is found stationary in a place not regularly used for residential purposes. This leads to Gosch's contention that, since the sedan was found stationary in a place regularly used for residential purposes, the burden was on the state to prove the sedan was readily mobile, which it failed to do.

No Idaho case directly addresses the question of whether the state must prove that a vehicle is readily mobile in order for the automobile exception to apply. In the cases addressed in Idaho, the vehicles were either stopped after traveling on public roads or were parked in areas that indicated that the vehicles' locations were temporary. Therefore, whether the vehicles were readily mobile was not in question, and the courts focused on probable cause to search the vehicle. However, in this case, the sedan was parked in a private residential driveway when officers arrived to execute the search warrant and no officer had seen it move. Several courts, including the Ninth Circuit, have held that whether a vehicle is mobile for purposes of the automobile exception is determined by an objective view of whether the vehicle's immobility is visibly apparent. *See United States v. Hatley*, 15 F.3d 856, 859 (9th Cir. 1994); *United States v. Hepperle*, 810 F.2d 836, 840 (8th Cir. 1987). In *Hepperle*, the court held that a warrantless search of a vehicle parked in a residential area was within the automobile exception because "the vehicle's alleged immobility was not visibly apparent." *Hepperle*, 810 F.2d at 840. Similarly, in *Hatley*, the Ninth Circuit held that, even though a vehicle parked in a residential area "was not

*actually* mobile, it was *apparently* mobile." *Hatley*, 15 F.3d at 859.[2] There was nothing apparent to the officers to suggest the car was immobile. It was not up on blocks, and there is no information in the record to indicate the tires were flat or that the wheels of the car were missing. The *Hatley* court further explained that it "would be unduly burdensome to require the police to establish that every car that appeared to be mobile was indeed mobile." *Id*. Therefore, the test for whether a vehicle parked in a residential area is mobile for purposes of the automobile exception is whether, viewed objectively, there was any indication that the vehicle was not mobile. Absent some objective indicia of immobility, an automobile is presumed to be mobile. Here, there were no indicia that the sedan was immobile when the dog alerted on the sedan. Therefore, the sedan was properly searched under the automobile exception to the warrant requirement.[3]

## IV.

## CONCLUSION

The sedan was not within the scope of the warrant to search Gosch's apartment. However, a warrant was not required to search the sedan because it was within the automobile exception to the warrant requirement. Gosch failed to show that the district court erred in denying his motion to suppress and, therefore, Gosch's judgment of conviction for manufacturing marijuana, possession of marijuana with intent to deliver, and possession of marijuana in excess of three ounces is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

[2] Other jurisdictions have held differently regarding *Carney* and whether officers are required to prove that a vehicle parked in a residential area is mobile for purposes of the automobile exception. *See State v. Cox*, 351 S.E.2d 570, 571 (S.C. 1986) (holding that *Carney* does not protect an automobile found parked at a person's home from warrantless searches and that probable cause alone was sufficient to justify searches of vehicles under the automobile exception); *Keehn v. State*, 279 S.W.3d 330, 336 (Tex. Crim. App. 2009) (holding that *Carney*'s reference to "a place not regularly used for residential purposes" in no way stands as a bar on the application of the automobile exception to a vehicle parked in the driveway of a private residence).

[3] Alternatively, the state argues that, even if the evidence was obtained through an illegal search, excluding the evidence would have been improper under the inevitable discovery doctrine. Because we hold that the evidence was lawfully seized, we need not address this argument.