**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42790**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 1** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 6, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LORI ELIZABETH LOVELY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lori Elizabeth Lovely appeals from the district court's judgment of conviction arguing that her motion to suppress was improperly denied. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lovely was travelling from Portland, Oregon, to Minneapolis, Minnesota, when the Greyhound bus she was on made a scheduled stop in Boise. During the stop, a Greyhound employee opened the luggage compartment to adjust checked luggage. As he opened the compartment, he detected a strong odor of marijuana coming from a red suitcase. The Greyhound employee closed the compartment and called the police. Officer Arthur responded with his drug detection dog, Rocky. With Rocky still in the patrol car, Officer Arthur opened the compartment and detected the odor of marijuana emanating from the red suitcase. He then

1

retrieved Rocky and walked him around the bus, starting at the rear and working toward the luggage compartment. Rocky leaped into the luggage compartment, crouched on the suitcase, jumped out of the compartment, and then barked. Officer Arthur testified that Rocky's behavior was consistent with his training and method of alerting to the presence of controlled substances.

Officer Arthur then seized the red suitcase and took it into an office within the Greyhound station. He, along with other responding officers, broke a small lock on the suitcase and searched it. The suitcase contained several plastic bags of marijuana. The identification tag on the suitcase indicated that it belonged to Lovely. The baggage claim tag indicated that Lovely had checked a second suitcase. The Greyhound employee located the second suitcase, removed it from the bus, and brought it to Officer Arthur. Because both Officer Arthur and the Greyhound employee could smell an odor of marijuana, the officer opened the second suitcase, which contained more plastic bags of marijuana. Lovely was located and arrested. A search of her purse revealed a small amount of methamphetamine.

Lovely filed a motion to suppress arguing, *inter alia*, that the warrantless search of her luggage violated the Fourth Amendment. The district court denied the motion, finding the warrantless search was justified under the automobile exception. At trial, a jury found Lovely guilty of trafficking in marijuana and possession of a controlled substance. Lovely timely appeals.

## II.
### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

The Fourth Amendment requires that all searches and seizures be reasonable. Warrantless searches and seizures are considered unreasonable per se unless they come within one of the few specifically established and well-delineated exceptions to the warrant requirement. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *State v. Murphy*, 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct. App. 1997). The automobile exception is specifically established and well-delineated. *United States v. Ross*, 456 U.S. 798, 825 (1982). Under the automobile exception, police may search an automobile when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). The two primary justifications for the automobile exception are mobility and a reduced expectation of privacy. *California v. Carney*, 471 U.S. 386, 392-393 (1985); *State v. Gibson*, 141 Idaho 277, 281-282, 108 P.3d 424, 428-429 (Ct. App. 2005).

Here, Lovely does not challenge whether there was probable cause to search her suitcases. Instead, she argues that the automobile exception does not apply in this case because the doctrinal basis of the automobile exception, mobility and a reduced expectation of privacy, does not apply to a commercial bus. Lovely further argues that the methamphetamine found on her person during a search incident to arrest and subsequent inculpatory statements were fruits from the poisonous tree and should also be suppressed. We disagree.

Lovely first argues that the bus was not "readily mobile as to her" because she was not in control of it. Lovely's position is not supported by law. First, absent some objective indicia of immobility, an automobile is presumed to be mobile. *State v. Gosch*, 157 Idaho 803, 809, 339 P.3d 1207, 1213 (Ct. App. 2014). Second, the automobile exception applies even where the person asserting the Fourth Amendment violation is a passenger. *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999). Third, courts have upheld a warrantless search of a car even when the driver is not in the car. *Chambers v. Maroney*, 399 U.S. 42, 52 (1970) (holding police officers with probable cause to search an automobile at the scene where it was stopped could constitutionally do so later at the station without first obtaining a warrant); *Gosch*, 157 Idaho at 808, 339 P.3d at 1212 (car parked in driveway was mobile for purposes of automobile exception).

3

Lovely next argues that a common carrier is different than a private car because it follows a predetermined route, and the officers could have obtained a warrant while the bus made its next scheduled stop in Idaho. We agree with other jurisdictions that have held the automobile exception applies to common carriers. *Green v. State*, 978 S.W.2d 300 (Ark. 1998) (applying the automobile exception to a bus); *Symes v. United States*, 633 A.2d 51, 55 (D.C. 1993) (applying the automobile exception to a train); *Alvarez v. Com.*, 485 S.E.2d 646 (Va. Ct. App. 1997) (applying the automobile exception to a bus). We attach no significance to the fact that a bus route is predetermined. There is no case law to support the proposition that the exigency created by mobility is lessened because an officer knows the vehicle's intended destination.

We also attach no significance to Lovely's contention that Officer Arthur could have obtained a warrant while the bus made its next stop. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant." *Chambers*, 399 U.S at 52. The Supreme Court's language similarly applies to Lovely's luggage. Because the automobile exception applies, there is no practical difference between an immediate search without a warrant and the luggage's immobilization until a warrant is obtained. *Id.*

Lovely also argues that she did not have a diminished expectation of privacy. Lovely cites *Bond v. United States*, 529 U.S. 334 (2000), in support of her argument. Lovely's argument is misplaced because *Bond*, even though it took place on a bus, was not concerned with the automobile exception, but instead, with whether an officer could physically manipulate a passenger's luggage in an exploratory manner. *Id.* at 338. The Court held that such actions violated the Fourth Amendment.

Individuals have a reduced expectation of privacy in automobiles. This reduced expectation of privacy does not derive from the plain view doctrine, but from the pervasive regulation of vehicles capable of traveling on public highways. *Carney*, 471 U.S. at 392. A diminished expectation of privacy does not mean that an officer can search a bag without probable cause. However, here, Officer Arthur had probable cause to search both suitcases; both he and the Greyhound employee smelled marijuana and Officer Arthur's dog alerted him to the presence of controlled substances. Therefore, the search was permissible under the automobile exception. *State v. Braendle*, 134 Idaho 173, 176, 997 P.2d 634, 637 (Ct. App. 2000) (holding

4

the reaction of a drug detection dog provides probable cause for a search under the automobile exception).

Because the search was legal, we need not address whether the methamphetamine or inculpatory statements were the fruit of the poisonous tree.

## IV.

## CONCLUSION

Based on the foregoing, we hold the automobile exception applies to a commercial bus. The district court's judgment of conviction is, therefore, affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.