# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43833

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 741** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 20, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DORAN CARL ESLINGER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Gregory Fitzmaurice, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Doran Carl Eslinger appeals from the district court's order denying Eslinger's motion to suppress any items taken from his vehicle. He argues the automobile exception to the warrant requirement did not apply because his vehicle was parked at the courthouse, making it simple for the officers to obtain a warrant prior to searching his vehicle. For the reasons explained below, we affirm the district court's order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Informants told an officer that Eslinger was a methamphetamine distributor and carried methamphetamine in his vehicle. The officer learned that Eslinger would be at the courthouse because his wife was subpoenaed for a hearing. The officer, along with another officer, waited in the courthouse parking lot for Eslinger to arrive. Once Eslinger arrived, parked, and entered

1

the courthouse, one of the officers had his drug dog circle the vehicle. The drug dog alerted on the driver's side of the vehicle. Eslinger returned to his vehicle and the officers informed Eslinger that they intended to impound the vehicle and obtain a search warrant to look for drugs, unless Eslinger granted consent to search. Eslinger stated, "Well, you can look, I don't know." The officers interpreted this statement as sufficient consent to search, and they subsequently searched the vehicle. They arrested Eslinger after discovering methamphetamine and methamphetamine paraphernalia.

The State charged Eslinger with possession of methamphetamine with intent to deliver, Idaho Code § 37-2732(a)(1)(A), and possession of drug paraphernalia, Idaho Code § 37-2734A. Eslinger filed a motion to suppress any items taken from his vehicle, arguing that he did not freely and voluntarily consent to the search. Following a hearing, the district court issued an order denying Eslinger's motion to suppress. The district court determined that, while the State did not establish Eslinger's consent was voluntary, the drug dog's alert on the vehicle gave the officers probable cause to search the vehicle without a warrant, and thus the warrantless search was justified by the automobile exception to the warrant requirement.

Eslinger pled guilty to possession of a controlled substance, reserving his right to appeal from the denial of his motion to suppress. In exchange, the State dismissed the remaining charge and recommended a suspended sentence. Eslinger appeals from the district court's order denying the motion to suppress.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Eslinger maintains the district court erred in denying the motion to suppress because the officers should have obtained a search warrant prior to searching Eslinger's vehicle, since the

vehicle was parked in a courthouse parking lot when the drug dog alerted. Eslinger concedes that the drug dog's alert provided probable cause to search the vehicle. He maintains, however, that the automobile exception to the warrant requirement does not apply because the officers could have easily obtained a warrant by walking to the courthouse.

The United States and Idaho Constitutions prohibit unreasonable searches and seizures of persons or property.[1] U.S. CONST. amend. IV; IDAHO CONST. art. 1, § 17. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Weaver*, 127 Idaho 288, 290, 900 P.3d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search fell within a well-recognized exception to the warrant requirement. *Coolidge*, 403 U.S. at 465; *Weaver*, 127 Idaho at 290, 900 P.2d at 198. One of these exceptions is the automobile exception.

Under the automobile exception, police may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). Probable cause is a flexible, commonsense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983). When a reliable drug-detection dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *Gallegos*, 120 Idaho at 898, 821 P.2d at 953.

The automobile exception is based both upon the automobile's ready mobility, which is deemed an exigency sufficient to excuse the warrant requirement once probable cause for the search is clear, and upon the lesser expectation of privacy in an automobile as compared to the privacy interest in a home. *California v. Carney*, 471 U.S. 386, 390-92 (1985); *State v. Bottelson*, 102 Idaho 90, 93, 625 P.2d 1093, 1096 (1981).

Here, the fact that Eslinger's vehicle was parked at the courthouse does not increase Eslinger's expectation of privacy in the vehicle, and Eslinger does not argue otherwise. Moreover, the automobile exception applies to parked vehicles because absent some objective

---

[1] Eslinger does not argue the Idaho Constitution affords greater protection, so this Court follows the analysis pursuant to the Fourth Amendment to the United States Constitution.

indicia of immobility, a vehicle is presumed mobile. *State v. Gosch*, 157 Idaho 803, 808, 339 P.3d 1207, 1212 (Ct. App. 2014). Eslinger's vehicle was clearly readily mobile because the officers observed Eslinger park the vehicle in the parking lot. The proximity of the courthouse to the parked vehicle is immaterial for purposes of the automobile exception. Because the drug dog alerted on Eslinger's vehicle, the officers had probable cause to search the vehicle, and the automobile exception to the warrant requirement therefore permitted the warrantless search. The district court did not err in denying Eslinger's motion to suppress any items taken from his vehicle.

## III.
## CONCLUSION

The district court did not err in denying Eslinger's motion to suppress any items taken from his vehicle because the drug dog alert provided the probable cause required for the automobile exception to the warrant requirement. We therefore affirm the district court's order denying Eslinger's motion to suppress.

Judge GRATTON and Judge HUSKEY **CONCUR**.