**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45158**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 22, 2018** |
| Plaintiff-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LARRY BURTON PENKUNIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order granting motion to suppress, <u>reversed</u> <u>and</u> <u>case</u> <u>remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for appellant. Theodore S. Tollefson argued.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for respondent. Jenny C. Swinford argued.

_____

LORELLO, Judge

This is an appeal by the State from the district court's order granting Larry Burton Penkunis' motion to suppress. For the reasons set forth below, we reverse and remand for further proceedings.

**I.**

**FACTS AND PROCEDURE**

On September 24, 2016, at about 11 p.m., a police officer was patrolling a residential area when he observed a female ducking or hiding in a parked vehicle as he drove by. The officer pulled up behind the vehicle, but did not turn on his emergency lights or sirens. After contacting the female, the officer noticed that the female moved in a frantic way, had trouble tracking the flow of conversation, and had abnormally dilated pupils. The female consented to a search of

1

her person and vehicle. She stated that the vehicle belonged to her mother, but the female had permission to use it. She also said that she was unsure whether she or her friend, Penkunis, had driven the vehicle, but Penkunis had gone into a nearby residence and had taken the keys with him.

The officer searched the vehicle and located a small pill container attached to a purse on the front seat, which had a white crystalline substance inside that the officer believed to be methamphetamine. The female admitted the container was hers. The officer also found three backpacks, which the female said belonged to Penkunis. Inside one of the backpacks, the officer found a pill bottle with Penkunis' name on it, as well as a safe and a small lockbox. The officer did not open either the safe or the lockbox at that time, but he seized them and the backpacks after a canine alerted on the vehicle. Two days later, a detective obtained a search warrant for the safe and lockbox and a search of those items uncovered drugs and paraphernalia.

Penkunis was charged with possession of methamphetamine with intent to deliver, I.C. § 37-2732(a)(1), and with being a persistent violator, I.C. § 19-2514. Penkunis filed a motion to suppress, asserting, in relevant part, that the backpacks were unlawfully searched during the course of an investigative stop that was conducted without reasonable suspicion. The State argued that the encounter and search were consensual; the backpacks were abandoned property; and, alternatively, the search was authorized under the automobile exception. The district court rejected Penkunis' claim that there was an unlawful detention. However, it granted Penkunis' motion to suppress, concluding the automobile exception to the warrant requirement did not apply because the vehicle was not readily mobile since the female, who was the only occupant at the time, was unable to drive the car because she did not have the keys. The State appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

III.

ANALYSIS

The State argues that the district court erred when it concluded that the automobile exception was inapplicable because the only occupant of the vehicle did not have the keys when the officer made contact with her. Specifically, the State contends that the location of the keys does not render a vehicle immobile for purposes of the automobile exception. Penkunis asserts that the absence of keys to the vehicle was a "clear indicator of immobility." Because ready mobility under the automobile exception depends upon the operability of the vehicle and not on whether the keys are in the vehicle at the moment probable cause is established, the district court's application of the law to the facts was incorrect.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). The automobile exception is based both upon the automobile's ready mobility, which is deemed an exigency sufficient to excuse the warrant requirement once probable cause for the search is clear, and the lesser expectation of privacy in an automobile as compared to the privacy interest in a home. *State v. Wigginton*, 142 Idaho 180, 182, 125 P.3d 536, 538 (Ct. App. 2005). As explained by the United States Supreme Court:

> [W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. . . . It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular

3

case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.

*Michigan v. Thomas*, 458 U.S. 259, 261 (1982).

The district court found the "most persuasive evidence" of immobility was that "Penkunis had the keys to the vehicle and [the female] was therefore unable to drive it." The location of keys at the time probable cause is established is not, however, the proper framework for determining whether a vehicle is readily mobile for purposes of the automobile exception. Rather, mobility is determined by an objective view of whether the vehicle's immobility is visibly apparent. *State v. Gosch*, 157 Idaho 803, 808, 339 P.3d 1207, 1212 (Ct. App. 2014). The location of the vehicle's keys does not inform this inquiry. Apparent immobility instead relates to visible defects in operability, such as whether the car is on blocks, has flat tires, or is missing its wheels. *Id.*; *see also United States v. Nixon*, 918 F.2d 895, 903 (11th Cir. 1990) (holding that the requirement of exigent circumstances is satisfied by the ready mobility inherent in all automobiles that reasonably appear to be capable of functioning); *Myers v. State*, 839 N.E.2d 1146, 1152 (Ind. 2005) (holding that all operational, or potentially operational, vehicles are inherently mobile and, therefore, satisfy the ready mobility requirement of the automobile exception); *State v. Rocha*, 890 N.W.2d 178, 207 (Neb. 2017) (stating that "in light of the overwhelming weight of the authorities, we hold that the requirement of ready mobility for the automobile exception is met whenever a vehicle that is not located on private property is capable or apparently capable of being driven on the roads or highways").

The district court's immobility determination in this case was based solely on evidence that "Penkunis had the keys to the vehicle and [the female occupant] was therefore unable to drive it." While the lack of keys may have prevented the female occupant from driving away at that moment, it did not render the vehicle either visibly immobile or readily immobile under the automobile exception to the warrant requirement. The district court, therefore, erred in granting Penkunis' motion to suppress.[1]

---

[1]    It appears that the evidence Penkunis sought to suppress, *i.e.*, the contraband found inside the safe and lockbox inside the backpacks, was the product of a search pursuant to a warrant that was obtained after the initial search that was conducted pursuant to the automobile exception. The district court concluded that, although a search performed pursuant to a warrant is presumptively reasonable, the search of the safe and lockbox were the "direct fruit of the illegal

4

## IV.

## CONCLUSION

The district court erred in holding that the automobile exception did not apply. Accordingly, we reverse the district court's order granting Penkunis' motion to suppress and remand for further proceedings.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

seizure of the backpack[s]." Because we hold that the district court erred in failing to apply the automobile exception, we need not address the "fruit" aspect of the district court's decision.